10-816-ag
Huang v. Holder

BIA
Schoppert, IJ
A099 604 979

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand eleven.

PRESENT:
>       DENNIS JACOBS,
>             *Chief Judge*,
>       ROBERT A. KATZMANN,
>       DENNY CHIN,
>             *Circuit Judges*.

_____

JIN HUA HUANG,

>       *Petitioner*,

>       v.                                    10-816-ag
>                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

>       *Respondent*.

_____

FOR PETITIONER:     David X. Feng, New York, NY.

FOR RESPONDENT:     Tony West, Assistant Attorney General;
                    Richard M. Evans, Assistant Director;
                    Allen W. Hausman, Senior Litigation
                    Counsel, Office of Immigration
                    Litigation, Civil Division, U.S.
                    Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jin Hua Huang, a native and citizen of the People's Republic of China, seeks review of a February 12, 2010 decision of the BIA affirming the August 8, 2008 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Hua Huang*, No. A099 604 979 (B.I.A. Feb. 12, 2010), *aff'g* No. A099 604 979 (Immig. Ct. N.Y. City Aug. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). Pursuant to the REAL ID Act which governs this case, an adverse credibility determination may be based on an asylum applicant's demeanor, the plausibility of his or

2

her account, inconsistencies and omissions in his or her statements, and the consistency of such statements with other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

The adverse credibility finding was supported by substantial evidence: (1) the statements in the amended asylum application and testimony, that Huang was beaten and detained for opposing the family planning policy, were inconsistent with his initial asylum application and the letter he submitted from his wife, neither of which made any mention of the beating or detention; (2) the timing of his amended application was suspect because it appeared to have been included to enhance his asylum claim following this Court's decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007); and (3) he provided insufficient corroboration to rehabilitate his otherwise incredible testimony.

Huang argues that he adequately explained his failure to include the beating and detention in his initial asylum application. However, as Huang merely provided a possible explanation for the omission, no reasonable factfinder would be *compelled* to credit it. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); *Siewe v. Gonzales*, 480 F.3d 160,

3

167–168 (2d Cir. 2007) ("Where the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the trial court's choice of the other."). Huang suggests that the IJ placed too much emphasis on the inconsistency between his two asylum applications. However, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original).

Finally Huang testified that he never told his wife about the beating. The letter from Huang's mother, notwithstanding, the IJ found it implausible that, in the four years between the beating and his departure from China, Huang never discussed with his wife an incident that (as Huang testified) left a permanent scar and caused continuing pain. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (concluding that we will not disturb an implausibility finding as long as it is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived"). Given such implausibility, the IJ could discount Huang's mother's letter and conclude that Huang's remaining evidence was insufficient to overcome doubt about his credibility. *See* 8

4

U.S.C. § 1158(b)(1)(B)(iii); *see also Xiao Ji Chen v U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Based on these findings, the IJ reasonably concluded that the material omissions from Huang's application, coupled with the timing of his amendment following the *Shi Liang Lin* decision, rendered him not credible.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3.  Because the credibility determination was supported by substantial evidence, we need not reach Huang's arguments that he established past persecution or a well-founded fear of future persecution. As the only evidence that Huang would be persecuted or tortured depended on his credibility, the agency did not err in denying all relief based on the adverse credibility determination.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5